UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
ERICA CASTILLO, RAMEL BRADFORD and RONNIE BRADFORD,

                                Plaintiffs,

                 -against-

Police Officer GABRIEL ECHEVARRIA, Shield No. 6488; Detective WILLIE JOHNSON, Shield No. 4104; Detective SEAN CYRUS, Shield No. 1493; Detective EUGENE JONNY, Shield No. 2802; Detective WILLIAM KELLY, Shield No. 5349; Detective CHARLES STEWART, Shield No. 2387; Detective CARLOS VELEZ, Shield No. 5575; Police Officer WILMER SALMERON, Shield No. 3154; Detective ANDRZEJ MEJIA, Shield No. 805; and JOHN and JANE DOE 9 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                Defendants.
------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

Jury Trial Demanded

12 CV 5471 (JBW) (JO)

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of plaintiffs' rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiffs demand a trial by jury in this action.

## PARTIES

6. Plaintiffs Erica Castillo, Ramel Bradford and Ronnie Bradford are residents of Kings County in the City and State of New York.

7. Defendant Police Officer Gabriel Echeverria, Shield No. 6488 ("Echeverria"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Echeverria is sued in his individual and official capacities.

8. Defendant Detective Willie Johnson, Shield No. 4104 ("Johnson"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Johnson is sued in his individual and official capacities.

9. Defendant Detective Sean Cyrus, Shield No. 1493 ("Cyrus"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Cyrus is sued in his individual and official capacities.

10. Defendant Detective Eugene Jonny, Shield No. 2802 ("Jonny"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Jonny is sued in his individual and official capacities.

11. Defendant Detective William Kelly, Shield No. 5349 ("Kelly"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Kelly is sued in his individual and official capacities.

12. Defendant Detective Charles Stewart, Shield No. 2387 ("Stewart"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Stewart is sued in his individual and official capacities.

13. Defendant Detective Carlos Velez, Shield No. 5575 ("Velez"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Velez is sued in his individual and official capacities.

14. Defendant Detective Andrzej Mejia, Shield No. 805 ("Mejia"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Mejia is sued in his individual and official capacities.

15. At all times relevant defendants John and Jane Doe 9 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 9 through 10.

16. At all times relevant herein, defendants John and Jane Doe 9 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 9 through 10 are sued in their individual and official capacities.

17. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

18. At approximately 5:30 a.m. on August 10, 2012, plaintiffs were lawfully present in the home of plaintiffs Ronnie and Ramel Bradford at 1210 Sutter Avenue, apartment 4F, in Brooklyn, New York.

19. Plaintiffs Ronnie Bradford and Erica Castillo, engaged-to-be-married, were asleep in a bedroom, with their seven-year-old daughter, at the abovementioned location.

20. Plaintiff Ramel Bradford was also asleep in another bedroom at the time in question.

21. Members of the New York City Police Department, dressed in riot gear, forcibly entered the home under the guise of an alleged search warrant.

22. Defendants charged into the bedroom of plaintiffs Castillo and Ronnie Bradford, began screaming at them and pointed guns in their faces. Plaintiffs' daughter lay between them in bed during this time.

23. Plaintiffs' daughter began to scream and cry as defendants threatened plaintiffs Castillo and Ronnie Bradford with guns and handcuffed them, forcibly taking them to the living room.

24. Defendants repeatedly screamed, in sum and substance, "Where are the drugs!?"

25. Defendants repeatedly screamed at Ms. Castillo, threatening to take her daughter away from her, as the child watched crying.

26. No contraband was found in the apartment.

27. Plaintiffs were handcuffed, taken downstairs and walked through the apartment complex, in front of their neighbors, as many of them were leaving their buildings to go work or school that morning.

28. Plaintiffs were then kept in a crowded police van, in mid-August, with no windows, for approximately two hours.

29. Plaintiffs were taken to the 79th Precinct.

30. At the precinct, plaintiffs Ronnie and Ramel Bradford were forced to remove their clothing, bend, squat and cough.

31. Plaintiffs were eventually taken to Brooklyn Central Booking.

32. At the precinct, the officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiffs in possession of a controlled substance.

33. At no point did the officers observe plaintiffs in possession of a controlled substance.

34. Plaintiffs Erica Castillo and Ronnie Bradford were held for approximately 18.5 hours before being released from Central Booking with no charges being filed against them.

35. After being held for approximately 30 hours, plaintiff Ramel Bradford was arraigned on August 11, 2012, in Kings County Criminal Court, where the criminal charges were adjourned in contemplation of dismissal.

36. Plaintiffs suffered damage as a result of defendants' actions. Plaintiffs were deprived of their liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to their reputation.

## FIRST CLAIM
### Unlawful Stop and Search

37. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

38. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiffs without reasonable suspicion.

39. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

40. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

41. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiffs without probable cause.

42. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Denial Of Constitutional Right To Fair Trial

43. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

44. The individual defendants created false evidence against plaintiffs.

45. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

46. In creating false evidence against plaintiffs, and in forwarding false information to prosecutors, the individual defendants violated plaintiffs' constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

47. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

### FOURTH CLAIM
### Unreasonable Force

48. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

49. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiffs.

50. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore.

### FIFTH CLAIM
### Unlawful Strip Search

51. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

52. The defendants violated the Fourth and Fourteenth Amendments because they unlawfully subjected plaintiff to a strip search without legal justification.

53. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Failure To Intervene

54. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

55. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

56. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

57. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiffs respectfully request judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:   April 1, 2013
         New York, New York


                              HARVIS WRIGHT
                              SALEEM & FETT LLP

                              _____
                              Gabriel Harvis
                              305 Broadway, 14th Floor
                              New York, New York 10007
                              (212) 323-6880
                              gharvis@hwsflegal.com

                              *Attorney for plaintiffs*

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiffs respectfully request judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:   April 1, 2013
         New York, New York


                              HARVIS WRIGHT
                              SALEEM & FETT LLP

                              _____
                              Gabriel Harvis
                              305 Broadway, 14th Floor
                              New York, New York 10007
                              (212) 323-6880
                              gharvis@hwsflegal.com

                              *Attorney for plaintiffs*